IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILLIAM ROY WELCH, INDIVIDUALLY AND JERRY SOWELL AND JARROD SOWELL, INDIVIDUALLY, AND AS NEXT FRIEND OF J.S. , A MINOR, | ) ) ) ) ) |
| Plaintiffs, | ) No.: 2-09-CV-018 |
| v. | ) ) ) |
| DOREL JUVENILE GROUP, INC.; AND JANELLE SOWELL, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**

Defendant Dorel Juvenile Group, Inc. ("Dorel") agrees to Plaintiffs' Motion to Nonsuit all Defendants (Dkt. # 76 and 77) if, **but only if**, Dorel is awarded some of its fees and costs incurred in defending this action. In support of this position, Dorel states as follows:

1.  On January 10, 2013, the Court ordered Plaintiff to respond to certain of Dorel's discovery requests by January 30. The Court continued Dorel's Motion for Rule 11 sanctions.

2.  On January 25, 2013, Plaintiffs suddenly filed a motion to dismiss their claims against all defendants without prejudice (Dkt. # 76). Plaintiffs implicitly conceded in that motion that they never had standing to bring this action against Dorel.

3.  Had he performed an adequate investigation before filing his initial complaint on January 14, 2009, Plaintiffs' counsel would have known that his clients never had standing to bring any claims against Dorel. Plaintiffs' counsel certainly learned this no later than May 5,

2011, when Janelle Sowell filed her motion for summary judgment on the very basis that Plaintiffs lacked standing to bring these claims. (Dkt. # 21).

4. At the hearing on January 10, 2013, and again in his filing of January 25, Plaintiffs' counsel suggests that he was somehow entitled to "protect" the rights of the minor child by bringing this claim until Rhonda Moton, the child's grandmother and actual guardian, confirmed that she had no wish to bring it. But, as the Court noted on January 10, the only significant question is whether Plaintiffs had standing; if they lacked it, they had no right to challenge how someone who <u>did</u> have standing chose to exercise it. The Court should continue to recognize and reject the efforts of Plaintiffs' counsel to usurp the authority to determine what is in the "best interests" of the child.[1]

5. It is particularly ill-advised for Plaintiffs' counsel to suggest that Jarrod Sowell is more concerned with the "best interests" of the child than is Rhonda Moton. Ms. Moton has cared for the child for four and one-half years. (See Exhibit 1 to Dkt. # 78.) Mr. Sowell, on the other hand, is the person who placed the child in her car seat without securing the seat to the vehicle, thereby causing her injuries. (See Exhibits 1 and 2 to Dkt. # 66.) There is no evidence in the record that he has had any relationship with the child since that time. All we know is that Mr. Sowell is presently in jail and last saw the child in June 2011. (See Exhibit 2 to Dkt. # 66).

6. Mr. Sowell's incarceration may explain why the interrogatory answers served by Plaintiffs' counsel on January 30 were incomplete and unsigned, and why Plaintiff's counsel did

---

[1] Query how the "best interests" of the child are served by counsel's repeated references to her full name in violation of FRCP 5.2 throughout this case.

not make Mr. Sowell available for his deposition, in violation of the Court's order of January 10. But, as the Court explained on January 10, those problems are not Dorel's fault.

7.  Also, as Dorel pointed out in its pending Motion for Sanctions (Dkt. # 66), even if Plaintiffs <u>did</u> have standing to bring this case, their liability claim is untenable. Plaintiffs' "experts" claim the car seat was defective because it lacked an audible or visual warning if it was not properly secured to the vehicle, but they do not identify a single car seat that now has any such warning system, much less one that was in existence at the time of this accident in 2007. Under Plaintiffs' theory of the case, this would mean that every car seat ever sold was defective.

8.  The design and performance of car seats is governed by Federal Motor Vehicle Safety Standard ("FMVSS") 213, 49 U.S.C. §571.213. No car seat can legally be sold in the United States unless it complies with FMVSS 213. That standard has ***never*** required or suggested that car seats have a warning system to alert users if the seat is not properly secured to the car. Plaintiffs' "experts" have not offered any evidence that their proposed system (a) was economically or technologically feasible in 2007, or (b) could be incorporated without adversely affecting the performance of the car seat in a crash, perhaps to the extent that the seat no longer met the requirements of FMVSS 213.

9.  It is within a typical juror's common knowledge that a car seat must be secured to the vehicle in which it is being used. Even so, the instruction manual for J.S.'s car seat (Exhibit 4 to Dkt. # 66) repeatedly warns parents that the car seat must be tightly belted to the vehicle, and that they should verify that it is before each use. Expert testimony that warning devices are needed to ensure that a car seat is secured to the vehicle, or that consumers need to be advised of the absence of such devices, is inherently incredible.

10.     The posture of this case is similar to that of <u>TXCAT v. Phoenix Group Metals, LLC.</u>, 2010 WL 5186824 (No. H-10-0344, S.D. Tex., Dec. 14, 2010).  There, plaintiff moved to voluntarily dismiss its suit, impliedly conceding that it lacked standing to bring the claims asserted.  (Id. at *6).  Defendants opposed the dismissal and sought monetary sanctions under FRCP 11, arguing that "Plaintiff's attorneys failed to conduct a reasonable pre-litigation investigation to determine whether Plaintiff had standing."  (Id. at *4).  The Court found that sanctions were appropriate because

> Plaintiff did not timely concede that it was not a cognizable legal Texas entity and move to dismiss the case; instead, its counsel prolonged the litigation by about six months in delaying responses and moving for leave to amend.

(Id. at *8).  The Court dismissed the case pursuant to Rule 12(b)(1) because it lacked jurisdiction based on plaintiff's lack of standing, but it retained jurisdiction to determine the amount of fees and costs to award against plaintiff's counsel as a sanction.  (Id. at *9).

11.     Plaintiffs' counsel suggests that he should be allowed to escape sanctions because Dorel has not moved for summary judgment and has taken no depositions.  (Dkt. # 78, page 5).  Dorel took no depositions because Plaintiffs' counsel moved to quash every deposition notice Dorel sent out.  (Dkt. # 52, 53, 55, 56.)   Plaintiffs' counsel repeatedly refused to answer Dorel's inquiries as to when and where depositions of his clients should take place; it was not until October 29, 2012 that he finally advised Dorel that Jarrod Sowell was incarcerated, and even then he did not identify a location other than somewhere "in Louisiana."  (Dkt. # 55.)  Similarly, Dorel did not move for summary judgment because Plaintiffs' counsel frustrated its efforts to obtain basic discovery about his claims (Dkt. # 44, 48, 65) and never responded to Dorel's request for dates to depose his "experts."

12. Dorel has spent more than $100,000 in fees and costs defending itself in this case, due to the failure of Plaintiffs' counsel to provide discovery and to his obstinate refusal to admit that his clients had no standing to bring this action in the first place. Dorel believes it is entitled to recover all of the fees and costs it has expended in this action, but it will seek to recover only those incurred after the filing of Janelle Sowell's motion for summary judgment on May 5, 2011, at which time Plaintiffs' counsel was put on full notice that his clients lacked standing to bring their claims against Dorel.

WHEREFORE, Defendant Dorel Juvenile Group, Inc. moves that Plaintiffs' Complaint be dismissed, but that the Court retain jurisdiction of this matter so that it may award Dorel its reasonable costs and attorney's fees.

Dated:  February 1, 2013               Respectfully submitted,

                                       _____/s/_____
                                       Walter C. Greenough (Ill. 1052225)
                                       SCHIFF HARDIN LLP
                                       233 S. Wacker Dr., Suite 6600
                                       Chicago, IL   60606
                                       Telephone:    (312) 258-5500
                                       Facsimile     (312) 258-5600
                                       Email: wgreenough@schiffhardin.com

                                       and

                                       Anthony A. Avey (00790250)
                                       300 Convent, Suite 1080
                                       San Antonio, Texas  78205
                                       Phone: (210) 886-9500
                                       Fax: (210) 886-9883
                                       Email:   tavey@aveylaw.com

                                       *Attorneys for Defendant*
                                       *Dorel Juvenile Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by electronic mail, on the following counsel of record on this 1st day of February, 2013:

Reese P. Andrews
ANDREWS & ANDREWS
311 East Main Street
Nacogdoches, Texas 75961
Reese@andrewslawfirm.com
rebekah@andrewslawfirm.com

*Attorneys for Plaintiffs*


J. Chad Parker
Forrest Mays
THE PARKER FIRM, P.C.
3808 Old Jacksonville Road
Tyler, Texas 75701
cparker@theparkerfirm.com
fmays@theparkerfirm.net

*Attorneys for Defendant Janelle Sowell*

_____/s/_____
Walter C. Greenough

CH2\12409788.1