IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM ROY WELCH, INDIVIDUALLY § <br> AND JERRY SOWELL AND JARROD § <br> SOWELL, INDIVIDUALLY, AND AS § <br> NEXT FRIEND OF JADEN SOWELL, § <br> A MINOR § <br> § <br> *Plaintiffs* § <br> § <br> vs. § <br> § <br> DOREL JUVENILE GROUP, INC.; § <br> AND JANELLE SOWELL § <br> § <br> *Defendants* § | | Civil Action No. 2-09CV-018 |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION TO NONSUIT ALL DEFENDANTS WITHOUT PREJUDICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jerry Sowell and Jarrod Sowell, Individually, and as Next Friend of Jaden Sowell, a Minor, Plaintiffs herein, and file this, their Reply to Defendant Dorel Juvenile Group's Response to Plaintiffs' Motion to Nonsuit all Defendants Without Prejudice, and would respectfully show unto the Court the following:

### I. PLAINTIFFS HAVE STANDING TO SUE

In its response to Plaintiffs' Motion to Nonsuit all Defendants Without Prejudice, Defendant Dorel Juvenile Group alleges "Plaintiffs implicitly conceded in that motion that they never had standing to bring suit against Dorel." This assertion is wholly without merit as Plaintiffs have clearly shown in their Motion to Nonsuit (as well as the pleadings, discovery responses, expert disclosures, and other papers filed in this cause) that they had standing to bring this cause of action on behalf of the severely brain damaged minor child, Jaden Sowell. Plaintiffs have elected to voluntarily nonsuit this claim to recover damages for the severely brain

damaged minor child, Jaden Sowell, because without the cooperation of Rhonda Moton (Jaden Sowell's current guardian), the prosecution of this case has proven to be (and will continue to be) extremely difficult since Jaden is in the custody and control of Ms. Moton, who has no desire to cooperate or assist in the prosecution of this claim.

As further evidentiary support of Plaintiffs' standing to sue on behalf of Jaden Sowell, Plaintiffs fully incorporate their response (filed on June 10, 2011) to Defendant Janelle Sowell's Motion for Summary Judgment (filed on May 5, 2011), attached hereto as Exhibit A. In Plaintiffs' Response to Defendant Janelle Sowell's Motion for Summary Judgment, Plaintiffs showed to the Court that Jarrod Sowell and Jerry Sowell clearly have legal capacity to sue as next friends of Jaden Sowell and that Janelle Sowell failed to establish that there was a valid release of Jaden Sowell's claims related to the subject accident.

If Plaintiffs truly never had any standing to bring suit as next friend on behalf of the minor child, Jaden Sowell, then the Motion for Summary Judgment filed by Defendant Janelle Sowell would have been granted by Honorable T. John Ward, the presiding Judge of this Court at that time, and Plaintiffs' claims would have been dismissed. Thus, it is important to note that Judge Ward, taking into consideration Defendant's argument that Jarrod and Jerry Sowell had no capacity to bring suit, *never* provided a favorable ruling for the defendant in that regard. It is quite clear from the plaintiffs' response to that motion for summary judgment that Jarrod and Jerry Sowell did have the capacity to sue and continue to have the capacity to sue on behalf of the minor child, Jaden Sowell. Oddly, counsel for Dorel Juvenile Group references the May 2011 Motion for Summary Judgment filed by Defendant Janelle Sowell, suggesting to this Court that after the filing of that motion for summary judgment challenging the plaintiffs' capacity to sue, that counsel for plaintiffs was "on notice" that he did not have the capacity to act on behalf

of the minor child, Jaden Sowell, through Jarrod and Jerry Sowell. What he conveniently refuses to bring to the Court's attention is that the Court's presiding Judge, Honorable T. John Ward, *never* granted that motion and *never* made a finding or a ruling or an order to the effect that Jarrod and Jerry Sowell had no capacity to sue. The law and the facts as set forth in that previously filed Response to Defendant Janelle Sowell's Motion for Summary Judgment indicated that plaintiffs had that legal capacity and that a summary judgment taking that capacity away from them would be impermissible. Plaintiffs' Motion to Nonsuit this case has nothing to do with their lack of capacity to act on behalf of the minor child, Jaden Sowell, but rather is based on the practical impossibility of pursuing these claims without the full cooperation and assistance of the minor child's present guardian, Rhonda Moton. With her consent, permission, cooperation, and assistance, Plaintiffs would move forward with the prosecution of these claims. Not until January 18, 2013 did Rhonda Moton clarify for this Court by way of affidavit that she had no interest in cooperating or assisting with the pursuit of Jaden Sowell's claims against Defendant Dorel Juvenile Group or the Estate of Janelle Sowell.

## II. GUARDIAN'S DECISION REGARDING LITIGATION
## MADE JANUARY 18, 2013

The Parker Firm, counsel for The Estate of Janelle Sowell, deceased, consulted with Rhonda Moton regarding this litigation and obtained an affidavit from Rhonda Moton dated January 18, 2013 indicating her decision not to pursue the causes of action against all defendants. On January 22, 2013, counsel for Plaintiffs, Reese P. Andrews, obtained a copy of that affidavit from Forrest Mays, counsel for Defendant The Estate of Janelle Sowell, which indicated that the guardian of the minor child Jaden Sowell is Rhonda Moton, the grandmother of the minor child Jaden Sowell, and the mother of Janelle Sowell, deceased. (*See Exhibit B attached hereto.*)

Furthermore, the affidavit executed January 18, 2013 by Rhonda Moton and received by plaintiffs' counsel on January 22, 2013 indicates that Ms. Moton has made the decision not to pursue a claim on behalf of her injured grandchild Jaden Sowell against Defendants Dorel Juvenile Group, Inc. or the Estate of Janelle Sowell, Deceased.

Two experts have been designated by Reese P. Andrews, Plaintiffs' counsel indicating that the cause of action against Dorel Juvenile Group, Inc. has merit.  Nevertheless, in the previous telephonic conference held by the Court in this matter, the Court indicated its intention to allow the present guardian of the child to make the ultimate decision as to whether or not to continue to pursue the present products liability claim against Dorel Juvenile Group, Inc.  The decision made by Ms. Moton in that regard has apparently been made and has been set forth in the aforementioned affidavit executed by Rhonda Moton on January 18, 2013.

Given the legal capacity of Jarrod and Jerry Sowell to bring an action as next friend on behalf of the minor child, Jaden Sowell, in addition to the legal capacity of the present guardian, Rhonda Moton, or any subsequent guardian to bring a cause of action against Dorel Juvenile Group, Inc. or any other defendant that has a causational relationship with the minor's traumatic injuries sustained in this tragic collision up until the two year anniversary of the child's eighteenth birthday, it is the position of counsel for plaintiffs, Reese P. Andrews, that the right of the minor child in that regard should be protected and accordingly, counsel for the minor child Reese P. Andrews, urges the Court as part of this motion for nonsuit to allow the present cause of action to be nonsuited without prejudice in order to preserve those rights of the injured minor child Jaden Sowell.  Moreover, the granting of this motion should make moot any discovery issues addressed by the Court in its telephonic conference with all counsel, which conference

was held on January 10, 2013. There are presently no other pending motions of any kind for the Court's consideration, whether motions for summary judgment, motions to dismiss, motions concerning discovery issues, or any other dispositive motions.

### III. DEFENDANT DOREL JUVENILE GROUP'S REQUEST FOR ATTORNEYS' FEES

Defendant Dorel Juvenile Group's request for attorneys' fees should be denied. Counsel for Dorel states that Plaintiffs' counsel "implicitly conceded that they never had standing to bring this action against Dorel". Plaintiffs' counsel has never conceded anything of the sort either explicitly or implicitly. The most important point of fact is that Plaintiffs clearly demonstrated to this Court their capacity to sue in May 2011 when they filed their response to defendant's motion for summary judgment regarding capacity to sue, and Honorable T. John Ward, the presiding Judge of this Court at that time, *never* ruled favorably for the defendant on the issue of capacity to sue. Accordingly, there is no concession and there never will be any concession on the part of plaintiffs that they do not have legal authority to act on behalf of the minor child, Jaden Sowell. While counsel for Defendant Dorel alludes to the May 2011 motion for summary judgment, he neglects to remind this Court that a ruling with respect to capacity to sue have never been obtained from this Court by any defendant in this cause at any time, including the motion in that regard placed before this Court in May 2011. Furthermore, in compliance with this Court's directive given to all counsel in a telephonic hearing held January 10, 2013, the parties made a determination of (1) who the present guardian is, and (2) that guardian's decision to pursue or not to pursue any legal actions on behalf of the injured minor child, Jaden Sowell. The Court specifically requested that be done, and it was done. Forrest Mays, counsel for the Estate of Janelle Sowell, deceased, had Mrs. Rhonda Moton execute an affidavit in that regard on January

18, 2013, and supplied Plaintiffs' counsel with a copy of that affidavit on January 22, 2013. It is that affidavit of Mrs. Moton which is the practical death knell of this cause of action, and not Plaintiffs' legal incapacity to act as next friend for Jaden Sowell. Otherwise, this cause of action would have ended in May 2011 with a summary judgment granted by the Honorable T. John Ward, the presiding Judge at that time. Counsel for Dorel, Walter Greenough, has suggested in his response that notwithstanding the Plaintiffs' Motion to Nonsuit that the deposition of Jarrod Sowell should have taken place and that Plaintiffs' counsel was "in violation of the Court's order of January 10, 2013." That is simply not true. After the telephonic hearing held on January 10, 2013, Plaintiffs' counsel had a telephonic discussion with Anthony Avey, co-counsel for Defendant Dorel Juvenile Group, and specifically asked if Mr. Avey had any interest in taking Jarrod Sowell's deposition if the case were dismissed by virtue of a nonsuit. Counsel for Plaintiff, Mr. Andrews, was told by Mr. Avey that no depositions would be needed if the case were to be nonsuited. Counsel for Plaintiffs was told that he would be receiving some correspondence with regard to that understanding. On January 25, 2013, not having received anything in writing in that regard, counsel for Plaintiffs forwarded to Mr. Avey a communication by email seeking confirmation of that agreement, a copy of which is attached hereto as Exhibit C.

On Monday morning, January 28, 2013, counsel for Plaintiffs' spoke again with Mr. Avey by telephone, and Mr. Avey confirmed that in light of Plaintiffs' decision to nonsuit this cause of action, no depositions would be necessary. Counsel for Plaintiffs forwarded correspondence once again to confirm that agreement by email, which correspondence is attached hereto as Exhibit D. In response to that email, counsel for Plaintiffs did not receive any communiqué, email, or letter from Mr. Avey, but did get an email from Walter Greenough *not*

*addressing the Jarrod Sowell deposition at all*, but simply stating that he expected us to be "in compliance with the Court's order".  See the email from Walter Greenough, attached hereto as Exhibit E.

It is clearly the intention of Plaintiffs' counsel to comply with this Court's orders, both in the spirit and in the letter of the Court's directives.  It has been Plaintiffs' counsel's intent all along to follow this Court's orders. From January 10th forward, Plaintiffs' counsel made it clear to Mr. Avey and to Mr. Greenough that based on the Court's decision to follow the guardian's decision with regard to pursuing or not pursuing the cause of action on behalf of the injured minor, Jaden Sowell, Plaintiffs' counsel would nonsuit this cause of action, if necessary, based on this Court's directive concerning the guardian and based on the determination of who the guardian was to be and what that guardian's decision was to be with regard to the pursuit of this litigation.  For the defendant to claim that $100,000 in attorneys' fees has been expended in this cause of action needlessly and then at the same time to suggest that a deposition of Jarrod Sowell was truly desired by the defendant (1) in the face of a motion to nonsuit the cause of action, and (2) the attached correspondence indicating the attempts on the part of plaintiffs' counsel to be forthright in communicating with defense counsel concerning that deposition, is both illogical and disingenuous.  More specifically, the emails to counsel for Dorel clearly demonstrate that the subject of Jarrod Sowell's deposition was discussed and disposed of based on Plaintiffs' intention to nonsuit the cause of action.  Plaintiffs are in complete compliance with the Court's January 10, 2013 order, and have in fact provided supplemental answers to Dorel's written discovery.  Defendants previously noticed the deposition of Jarrod Sowell in Shreveport on one occasion and in Tyler on another occasion.  Counsel for Plaintiffs filed a motion to quash and obtained a favorable ruling from this Court in that regard.  To suggest that Plaintiffs' counsel

Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Nonsuit with Prejudice
Page 7

was uncooperative in getting his client out of a Louisiana prison without a bench warrant to attend depositions in Shreveport and Tyler is not tenable. Had Defendant Dorel sought to take the deposition of Jarrod Sowell at the Richland Detention Center in Rayville, Louisiana where he was incarcerated, that deposition could have been taken at any time. That was never sought by Defendant Dorel Juvenile Group, either before or after the Court's January 10, 2013 telephonic hearing. Furthermore, Defendant Dorel Juvenile Group is complaining of needless costs. If that is true, why would Defendant Dorel Juvenile Group have any reason to increase its costs by taking a deposition in litigation that was being nonsuited by the plaintiffs? That is inconsistent with their representations to plaintiffs' counsel as borne out by the exhibits attached hereto, as well as with any allegation of unnecessary expense.

The motion for summary judgment claiming a lack of capacity of Plaintiffs to sue on behalf of the minor child, Jaden Sowell, was placed before this Court in May 2011 and *never* granted making it clear to the parties and all counsel that the presiding judge at that time, Honorable T. John Ward, was not challenging or ruling in any manner on the capacity of Plaintiffs' counsel to pursue these claims. Since the ultimate decision of the guardian to cooperate or not cooperate in the pursuit of this litigation was not determined until January 18, 2013, and inasmuch as counsel for Plaintiffs immediately acted thereon by filing an immediate motion for nonsuit *based on reasons of practicality and not capacity,* Defendant Dorel Juvenile Group is not entitled to attorneys' fees. It is mystifying how Dorel would expend $100,000 in attorneys' fees never having taken a deposition and never having filed a motion for summary judgment or a motion to dismiss a cause of action as being without merit if indeed the cause of action had no merit. In the entire history of this litigation, Mr. Greenough has not made an appearance in the courtroom before either the previous presiding Judge Honorable T. John Ward,

or before the present presiding Judge Honorable Rodney Gilstrap.  It is inconceivable under these circumstances that counsel for Dorel would allege the expenditure of over $100,000 in attorneys' fees.  Accordingly, Plaintiffs continue to urge this honorable court to allow the cause of action to be nonsuited without prejudice and to deny any requests for sanctions against plaintiffs' counsel.

WHEREFORE PREMISES CONSIDERED, counsel for Plaintiffs moves this Honorable Court to allow this cause of action to be nonsuited without prejudice so that the present guardian Rhonda Moton, or any succeeding guardian who might reach a different conclusion with respect to the propriety of pursuing a cause of action on behalf of the injured minor child may do so within the time frame of the applicable statute of limitations.  It is requested that the Court apportion costs in this cause of action to the party incurring same.  Finally, it is the request of plaintiffs' counsel that the motion for nonsuit be set for oral hearing in Marshall, Texas at a time and date convenient to the Court.

                                                  Respectfully submitted,

                                                  Reese Andrews
                                                  ANDREWS & ANDREWS
                                                  311 E. Main
                                                  Nacogdoches, Texas  75961
                                                  (936) 564-5000
                                                  (936) 559-5000 - Facsimile

By:        _____/s/_____
                 Reese P. Andrews
                 State Bar No. 01248800
                 ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to the below listed counsel of record in compliance with Rule 21a, Texas Rules of Civil Procedure on this the 11th day of February, 2013.

_____/s/_____
Reese P. Andrews

## CERTIFICATE OF CONFERENCE

Forrest Mays, Counsel for Defendant, the Estate of Janelle Sowell, does not oppose the motion to nonsuit the cause of action against Defendant Dorel Juvenile Group, Inc. Walter Greenough, Counsel for Defendant Dorel Juvenile Group, Inc., indicated his objection to the motion for nonsuit without the imposition of attorneys' fees.

_____/s/_____
Reese P. Andrews